IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOSHUA HUDSON,**

*Plaintiff,*

*v.*

**BIZ MAVEN INC., D/B/A 247 FUNDER,**

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Joshua Hudson ("Plaintiff Hudson" or "Hudson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Biz Maven Inc. d/b/a 247 Funder ("Defendant" or "247 Funder") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Hudson, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Hudson is a resident of Grapevine, Texas.

2. Defendant 247 Funder is a New York registered corporation located in New York, NY. Defendant 247 Funder conducts business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed its wrongful conduct from here.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in June 2025 alone, at a rate of 148.8 million per day. www.robocallindex.com (last visited July 28, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Biz Maven Inc. operates using a number of d/b/as including:

| File Date | Assumed Name | Assumed Name ID | Status |
|---|---|---|---|
| 01/25/2024 | CORE CAPITAL | 7238437 | Active |
| 01/23/2024 | CORE CAPITAL FUND | 7236331 | Active |
| 08/11/2022 | SC SERV1 | 6562259 | Active |
| 04/07/2021 | SC SERV FEE | 518343 | Active |
| 03/21/2016 | URFUNDER.COM | 518342 | Active |
| 07/10/2015 | SYNERGY CAPITAL | 518341 | Active |
| 06/12/2015 | 247FUNDER | 518340 | Active [3] |

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://apps.dos.ny.gov/publicInquiry/AssumedNameHistory

15. Biz Maven Inc provides business funding solutions to consumers through its many d/b/as including 247 Funder.

16. Biz Maven Inc engages in placing unsolicited calls and sending unsolicited text message to generate business.

17. Oftentimes, this entails placing calls and/or sending text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

18. Biz Maven Inc operates using different d/b/a's to shield and hide itself from the unsolicited telemarketing that it engages in to generate business.

19. Consumers and businesses have posted multiple complaints about unsolicited calls and text messages that they received from the Defendant, including calls and texts that were placed to numbers that are registered on the DNC, including:

- "Non stop calls. Multiple times a day. I have contacted an attorney. **I am on the National Do Not Call Registry**, yet they think they can just keep calling me."[4] (emphasis added)
- "Like everyone else here, sick of the relentless spam calls from this company. ***I am on the do not call list and still receive several calls a day***. Please stop being such a nuisance to people."[5] (emphasis added)
- "This company is calling me approximately 5 times per day despite my continued requests to remove me from a list. They keep saying they are calling because I requested funding from somewhere which I did not do…"[6]
- "This company calls me several times a week. I have been rude, I have been nice, I have explained that I do not need financial assistance, I have asked for my number to be removed. Nothing stops them. They have even been rude to me. My name is ***** and the dude even said "' Wow, you really are a *****.' I want them to stop calling."[7]

---

[4] https://www.bbb.org/us/ny/new-york/profile/financing/synergy-capital-0121-132903/complaints?page=2
[5] Id.
[6] https://www.bbb.org/us/ny/new-york/profile/financing/synergy-capital-0121-132903/complaints
[7] Id.

- "I am getting each day from different numbers, all claiming to work for Synergy Capital, looks like they gave out my number to call centers in 3rd world countries, there is really no price too high for annoying other people in a way that is illegal, first they need to stop calling, and they should compensate us for every call we got."[8]
- "These guys will harass you until you tell them to blow smoke. To management that may look at this review if you continue to call my phone number you will be referred to the law-enforcement for harassment do not call my number again!"[9]
- "Incessantly call... no concept of good business manners or respect for anyone's time or desire to not speak to them."[10]
- "Take me off your list you scum sucking losers. These idiots spam call me 50 times a day even when I asked to be REMOVED. My next step is calling the FTC about these jokers."[11]
- "I keep getting spam calls and texts from various funding agencies that say they fund through this institution. One guy started with one company name but when I asked him for company details and website, he told me he funds through this organization. Maybe he was lying, no way to tell. ***I don't know who owned my number before I moved here but I can see why someone would want to change their number***. On average, since I got my phone 3 weeks ago, I get at least 4 solicitations per day from companies like this. I don't even live in Staten Island. One of the latest text even said that I signed up to receive messages. Please update your records and stop harassing."[12] (emphasis added)

20. In response to these text messages, Plaintiff Hudson brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF HUDSON'S ALLEGATIONS**

21. Plaintiff Hudson is the sole owner and exclusive user of his cell phone number ending in 1810.

22. Plaintiff Hudson has owned his cell phone number for over 10 years.

---

[8] Id.
[9] https://www.yelp.com/not_recommended_reviews/synergy-capital-new-york-2
[10] Id.
[11] Id.
[12] https://www.google.com/search?q=%22Core+Capital

23. Plaintiff Hudson registered his cell phone number on the DNC on February 13, 2014.

24. Plaintiff Hudson uses his cell phone number for personal use only as one would use a landline telephone number in a home.

25. Plaintiff Hudson uses his cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household needs.

26. Plaintiff Hudson does not have a landline in his home.

27. Plaintiff Hudson's cell phone number is registered under a family plan, not a business plan.

28. Plaintiff Hudson's cell phone is not reimbursed by a business.

29. Plaintiff Hudson has never listed his cell phone number publicly as a business contact number.

30. On May 16, 2025 at 12:19 PM, Plaintiff Hudson received an unsolicited text message to his cell phone from 561-246-6359:




31. The text message is addressed to Alan, Plaintiff's father.

32. The text message states that it was sent from 24/7, which is short for 247 Funder.

33. Based on an investigation conducted by Plaintiff's attorneys, 561-246-6359 is owned/operated by 247 Funder.

34. On May 22, 2025 at 5:33 PM, Plaintiff Hudson received a 2nd unsolicited text message to his cell phone from 561-246-6359:




35. On June 16, 2025 at 3:27 PM, Plaintiff Hudson received a 3rd unsolicited text message to his cell phone from 561-246-6359:




36. Plaintiff Hudson has never done business with 247 Funder, consented to be contacted by it or any of its affiliated companies and d/b/as, or authorized anyone to consent to be contacted on his behalf.

37. Plaintiff Hudson has not been looking to acquire funding for any business.

38. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Hudson in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

39. Seeking redress for these injuries, Plaintiff Hudson, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

40. Plaintiff Hudson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant 247 Funder texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

41. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Hudson anticipates the need to amend the Class definitions following appropriate discovery.

42. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant 247 Funder placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. **Adequate Representation**: Plaintiff Hudson will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Hudson has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Hudson and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Hudson nor his counsel have any interest adverse to the Class.

45. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Hudson. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hudson and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Hudson and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Hudson and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51. As a result of Defendant's conduct as alleged herein, Plaintiff Hudson and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Hudson requests a jury trial.

**JOSHUA HUDSON**, individually and on behalf of all others similarly situated,

DATED this 4th day of September, 2025.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman (pro hac vice forthcoming)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*