# BLANKROME

1271 Avenue of the Americas |New York, NY 10020
blankrome.com

*Phone:*       *(212) 885-5436*
*Fax:*         *(917) 332-3854*
*Email:*       *Hilary.korman@blankrome.com*

December 17, 2025

**VIA ECF**
Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

**Re:**     ***Joshua Hudson v. Biz Maven, Inc. d/b/a 247 Funders*, Case No. 1:25-cv-07330-JMF**
          **Letter Motion to Extend Time to Respond to Complaint and Other Deadlines (On Consent)**

Dear Judge Furman:

We represent Defendant Biz Maven, Inc. d/b/a 247 Funders ("Defendant") in the above-captioned matter.  We write pursuant to the Court's *Individual Rules of Practice*, Section 2(D), to request an extension of time to answer or otherwise respond to Plaintiff Joshua Hudson's ("Plaintiff") Complaint, dated September 4, 2025 [Dkt. No. 1] (hereinafter "Complaint" or "Compl.").

Defendant was served with the Complaint on September 11, 2025.  After service, Defendant informed Plaintiff of its belief that Defendant is not the correct party as it has no record of making the calls at issue and is not associated with the outbound phone number that allegedly placed the calls.  As part of his investigation, Plaintiff subpoenaed the phone carrier to confirm the same.  But the phone carrier informed Plaintiff they did not hold the records and instead pointed Plaintiff to a second carrier.  But this second phone carrier defaulted in answering the subpoena.  Plaintiff intends to compel compliance with his subpoena on or before Friday, December 19, 2025.

Based on this development, substantive responses to Plaintiff's subpoena will not be received until after Defendant's time to answer—currently set for Thursday, December 18, 2025—would otherwise be due.  Given this unusual situation (which has already necessitated one previous extension request on this basis), and the fact that the subpoena response may obviate Defendant's need to answer altogether, Defendant requests all case deadlines and appearances, including: (a) the December 18, 2025, responsive pleading date; (b) the December 31, 2025, deadline to submit a proposed scheduling order; and (c) the January 6, 2026 initial scheduling conference (the "Deadlines") be extended and adjourned *sin die* and re-set on two-weeks-notice following

Plaintiff's receipt of the phone carrier subpoena response and/or resolution of the enforcement proceeding.

If the Court is not amenable to this, Defendant alternatively requests a sixty (60) day extension of time and/or adjournment of the responsive pleading deadline and corresponding extensions of the Deadlines to submit a joint scheduling order and initial conference.  <u>Plaintiff has consented to this request.</u>

This is Defendant's <u>third</u> request for an extension of the responsive pleading deadline. Defendant's first request was made to give its counsel time to review the file and take appropriate action.  Defendant's second request was made once the phone carrier subpoena was initially served—and before Plaintiff's counsel had to re-serve it on another entity—and was pending a response.

Thank you in advance for your consideration.

Respectfully submitted,

BLANK ROME LLP

*/s/ Hilary F. Korman*

cc:    Counsel for Plaintiff, via ECF


Defendant's application for a sixty day extension is GRANTED.  The deadline to respond to the Complaint is now **February 16, 2026**.  The initial pretrial conference scheduled for **January 6, 2026 at 9:00 a.m.** is adjourned to **March 10, 2026 at 9:00 a.m.** with the corresponding deadline to submit a joint scheduling order extended to **March 5, 2026**.  The Clerk of Court is directed to terminate ECF No. 14.

SO ORDERED.

December 17, 2025